**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Modesto Alarcon,<br><br>Petitioner,<br><br>v.<br><br>CHANCE JONES, Warden,<br>Illinois River Correctional Center,<br><br>Respondent. | Case No. 23-cv-16237<br><br>Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Modesto Alarcon ("Petitioner"), an Illinois prisoner, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. [1]. Chance Jones ("Respondent"), Warden of Illinois River Correctional Center, answered the petition. [19]. For the reasons below, the petition [1] is denied without prejudice, and no certificate of appealability shall issue.

## I. Background

When addressing a Section 2254 petition, federal courts take "facts from the Illinois Appellate Court's opinions because they are presumptively correct on habeas review." *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citing 28 U.S.C. 2254(e)(1)). The facts below come from the Illinois Appellate Court's order affirming the trial court's dismissal of Petitioner's postconviction petition. *See People v. Alarcon*, 2022 IL App (2d) 210113-U, *appeal denied*, 199 N.E.3d 1204 (Ill. 2022).

On April 1, 2014, law enforcement officers approached Petitioner in the front yard of his Kane County residence. *Id.* ¶ 5. The officers did not have a warrant, nor did they have reasonable suspicion sufficient to justify a temporary detention. *Id.* There

is conflicting evidence on whether the officers successfully obtained Petitioner's permission to search his residence; however, it is undisputed that the officers eventually made their way into Petitioner's home. *Id*. While seated at Petitioner's dining room table, the officers gave Petitioner a consent-to-search form written in Spanish. *Id*. Petitioner signed the form. *Id*. After the form was signed, the officers searched the premises, discovering approximately seven kilograms of heroin, currency, and a money counter in a detached garage as well as a handgun, ziplock bags, a scale, and disposable respirator masks in the basement of the house. *Id*.

Petitioner was then taken to a police station in Aurora, Illinois. *Id*. ¶ 6. At the police station, law enforcement officers proceeded to interview Petitioner. *Id*. Petitioner was read his *Miranda* rights, and he agreed to speak with the officers. *Id*. Petitioner thereafter made several inculpatory statements concerning his possession of the heroin. *Id*.

During pre-trial proceedings, Petitioner filed a motion to suppress the evidence seized from his residence, arguing that the search violated his Fourth Amendment rights. *Id*. ¶ 7. Following an evidentiary hearing on September 8, 2015, the trial court denied Petitioner's motion to suppress. *Id*. ¶¶ 7, 22. A bench trial then followed, where Petitioner was convicted of unlawful possession with intent to deliver a controlled substance (over 900 grams of heroin) (720 ILCS 570/401(a)(1)(D)) and money laundering (720 ILCS 5/29B-1). *Id*. ¶¶ 2, 23. Petitioner was sentenced to 60 years of imprisonment. *Id*. ¶ 23.

On direct appeal, Petitioner claimed that the trial court erred in sentencing him to 60 years of imprisonment, in failing to suppress the statements he made during his interview, and in failing to suppress the physical evidence obtained during the search of his home. *Id.* ¶ 25. The Illinois Appellate Court affirmed Petitioner's conviction and sentence. *Id.* ¶ 27; *see People v. Alarcon*, 2018 IL App (2d) 170325-U. The Illinois Supreme Court subsequently denied Petitioner's petition for leave to appeal on January 31, 2019. *See People v. Alarcon*, 116 N.E.3d 931 (Ill. 2019). Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

On October 31, 2019, Petitioner filed a postconviction petition under Illinois' Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, arguing that he received ineffective assistance of counsel because his trial attorney failed to present the trial court with a translated version of the Spanish consent-to-search form. *Alarcon*, 2022 IL App (2d) 210113-U ¶¶ 2, 29. The trial court dismissed the postconviction petition, and on July 26, 2022, the Illinois Appellate Court affirmed the trial court's dismissal. *Id.* ¶¶ 30, 42. Petitioner thereafter filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on November 30, 2022. *People v. Alarcon*, 199 N.E.3d 1204 (Ill. 2022).

Petitioner filed the instant Section 2254 petition [1] on November 27, 2023. The Section 2254 petition raises the following claims[1]: (1) Petitioner's trial counsel was

[1]The Court recognizes that the petition lists three claims, whereas Respondent's Answer lists four claims (with Respondent's Claims 1 and 2 as A and B of Petitioner's Claim 1). For consistency, the Court will utilize Respondent's numbering herein.

ineffective for failing to investigate the level of Spanish proficiency of one of the law enforcement officers, which likely would have resulted in a different ruling on Petitioner's motion to suppress ("Claim 1"), (2) Petitioner's trial counsel was ineffective for failing to object to certain testimony during Petitioner's sentencing hearing and failing to investigate potential bias of the trial court judge, which likely would have impacted Petitioner's 60 year sentence ("Claim 2"), (3) Petitioner's postconviction counsel was ineffective for failing to properly present claims regarding Petitioner's trial counsel's ineffective assistance of counsel ("Claim 3"), and (4) Petitioner received an excessive sentence in violation of the Eighth Amendment ("Claim 4"). [1] at 16–17.

Respondent filed his Answer on February 3, 2025. [19]. In his Answer, Respondent argues that the petition is time-barred, Claim 3 is non-cognizable, and Claims 1, 2, and 4 are procedurally defaulted and meritless. *Id.* at 9–27. Respondent asks this Court to deny any certificate of appealability. *Id.* at 27. Petitioner in his reply [22] contests these arguments, countering that even if time barred, his petition can be heard, his claims should be sent back to state court for exhaustion purposes, and Claims 1, 2, and 4 have merit. [22] at 2–12. Petitioner asks this Court not to deny a certificate of appealability. *Id.* at 12.

Because they are dispositive, the Court's discussion will focus on the issues of exhaustion and procedural default.

## II. Standard

"Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts, the exhaustion doctrine precludes a federal court from granting him relief on that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). "Exhaustion serves an interest in federal-state comity by giving state courts the first opportunity to address and correct potential violations of a prisoner's federal rights." *Id.* at 513. To properly exhaust a habeas claim, a petitioner must fully and fairly present the claim through one complete round of the state appellate review process before filing a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The presence of even a single unexhausted claim necessitates dismissal of the entire habeas petition. *Williams v. Duckworth*, 724 F.2d 1439, 1441 (7th Cir. 1984).

That said, "where [] the petitioner has already pursued his state-court remedies and there is no longer any state corrective process available to him, it is not the exhaustion doctrine that stands in the path to habeas relief ... but rather the separate but related doctrine of procedural default." *Perruquet,* 390 F.3d at 514. Procedural default bars consideration of a habeas corpus claim "when the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Id.* Yet if any opportunity still exists for the petitioner to return to state court to exhaust his unexhausted claims, the petitioner has not yet procedurally defaulted those claims. *U.S. ex rel. Donado v. Pierce*, No. 08-CV-6812, 2011 WL 382792, at *7 (N.D. Ill. Feb. 1, 2011).

## III. Analysis

The central question here is whether the instant petition contains any unexhausted claims. If so, "total exhaustion" requires this Court to dismiss the petition in its entirety. *U.S. ex rel. Felske v. Camp*, No. 88 C 9673, 1990 WL 129676, at *1 (N.D. Ill. Aug. 28, 1990); s*ee also Lane v. Richards*, 957 F.2d 363, 366 (7th Cir. 1992) ("a petition containing any un-exhausted claim must be dismissed outright."). As Petitioner does not dispute that he failed to include Claims 1 and 2[2] in his initial Illinois postconviction petition, the resolution of the exhaustion question hinges on Illinois' treatment of successive postconviction petitions. If such petitions are allowed, Claims 1 and 2 are unexhausted; otherwise, they are procedurally defaulted.

Before diving into Illinois authority on this issue, the Court revisits the controlling standard: procedural default occurs[3] where "the claim was not presented to the state courts and it is ***clear*** that those courts would now hold the claim procedurally barred." *Perruquet*, 390 F.3d at 514. (emphasis added). Clarity is the key. Thus, if it is uncertain whether Illinois courts would apply a procedural bar, a federal court should dismiss a habeas claim for failure to exhaust state remedies rather than hold the claim procedurally defaulted. *See e.g.*, *Hardy v. Wisconsin, Dep't of Prob*., No. 07-

---

[2] As the Court finds that Claims 1 and 2 are unexhausted and dismisses the petition in its entirety under the doctrine of "total exhaustion," the Court need not address whether Claims 3 and 4 are unexhausted.

[3] Though procedural default also occurs when the "claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds," *Perruquet*, 390 F.3d at 514, that prong is inapplicable where, as here, Respondent presents no evidence of any dismissal based on independent Illinois state procedural grounds.

C-004-C, 2007 WL 1115269, at *1 (W.D. Wis. Apr. 11, 2007) (dismissing a petition for failure to exhaust, and not procedural default, where "it is not clear that the state courts would hold petitioner's claims procedurally barred."); *Holmes v. Indiana*, No. 120CV00847SEBTAB, 2020 WL 1905459, at *2 (S.D. Ind. Apr. 17, 2020) (same); *see also Toulson v. Beyer*, 987 F.2d 984, 987 (3rd Cir.1993) ("Before exhaustion will be excused, state law must clearly foreclose state court review of unexhausted claims.").

Applying the standard here, it is not clear to this Court that Illinois courts would necessarily hold Claim 1 and 2 procedurally barred. True, the Illinois Post-Conviction Hearing Act "contemplates the filing of only one postconviction petition." *People v. Ramey*, 393 Ill.App.3d 661, 332 Ill.Dec. 738, 913 N.E.2d 670, 675 (2009). But that rule has exceptions, relevant among them the "cause and prejudice" test. Under this test, a petitioner may be granted leave to file a successive postconviction petition "if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f). To establish "cause," the petitioner "must show some objective factor external to the defense impeded his ability to raise the claim in the initial postconviction proceeding." *People v. Coleman,* 2013 IL 113307, 374 Ill.Dec. 922, 996 N.E.2d 617, 634 (citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 275 Ill.Dec. 838, 793 N.E.2d 609, 621 (2002)). To establish "prejudice," the petitioner "must show the claimed constitutional error so infected his trial that the resulting conviction violated due process." *Id.* (citing *Pitsonbarger*, 793 N.E.2d at 624).

Petitioner contends that the failure of his first postconviction counsel to raise Claims 1 and 2 in his initial postconviction petition constitutes sufficient "cause" and "prejudice" to justify a successive postconviction petition. This position has merit: in Illinois, deficient performance of postconviction counsel *can* constitute grounds for a successive postconviction petition. *See People v. Warren*, 2016 IL App (1st) 090884-C, 405 Ill.Dec. 453, 58 N.E.3d 714, 744 ("when a petitioner seeks leave of court [to file a successive postconviction petition] by alleging cause and prejudice, the deficient performance of his postconviction counsel may constitute cause."). So long as Petitioner can demonstrate that postconviction counsel's failure to raise Petitioner's claims was objectively unreasonable and actual prejudice to Petitioner resulted, *see People v. Nicholas*, 2013 IL App (1st) 103202, 369 Ill.Dec. 855, 987 N.E.2d 482, 488–491, the Court sees at least a possibility that Illinois courts would permit Petitioner to file a successive postconviction petition.

Respondent's arguments to the contrary are unpersuasive. Respondent, for the most part, relies on *Ramey* and *People v. Szabo*, 186 Ill.2d 19, 237 Ill.Dec. 56, 708 N.E.2d 1096 (1998) for a *per se* rule that successive postconviction petitions based on deficient performance of initial postconviction counsel are impermissible. But *Ramey* and *Szabo* do not propound such a bright-line rule. *Ramey*, for instance, based its ruling in part on the fact that "no showing ha[d] been made that postconviction counsel's conduct fell below reasonable assistance"— in other words, postconviction counsel's performance was found not to be objectively unreasonable. 913 N.E.2d at 678. And *Szabo* similarly based its holding on the fact that a prior ruling had already

found post-conviction counsel's performance to be adequate under Illinois Supreme Court Rule 651(c). 708 N.E.2d at 1099. In short, both decisions recognize that an analysis of postconviction counsel's performance is still required to determine if the "cause and prejudice" test can be ultimately satisfied.

This leads the Court to a final question: who should perform this analysis, Illinois courts or this Court? As Respondent bears the burden on procedural default, and Respondent has not shown that postconviction counsel's performance was adequate in his Answer, it is improper for the Court to conduct this analysis for Respondent. *Vaughn v. King*, 167 F.3d 347, 354 (7th Cir.1999) ("It is not the responsibility of this court to make arguments for the parties."). But more importantly, principles of comity and federalism indicate that Illinois courts should decide the issue. *Teague v. Lane*, 489 U.S. 288, 326 (1989) (Stevens, J., concurring in part and concurring in the judgment) ("in the absence of any plain statement by the Illinois courts, we should let the Illinois judiciary decide whether there is a procedural default that forecloses review of that claim.") (cleaned up); *Lambert v. Blackwell*, 134 F.3d 506, 519 (3d Cir. 1997), *as amended* (Jan. 16, 1998) ("[i]f the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings.") (citing *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). After all, the "cause and

prejudice" test for successive postconviction petitions is a creature of Illinois law, and this Court thus declines to intrude on Illinois courts' ability to consider the issue first.

Given the possibility of a successful successive postconviction petition, the Court cannot definitively conclude that Illinois courts would hold Claims 1 and 2 procedurally barred. The Court therefore finds Claims 1 and 2 unexhausted, not procedurally defaulted. As the petition contains at least one unexhausted claim, the Court must dismiss the petition in its entirety without prejudice. *Williams*, 724 F.2d at 1441 ("the presence of a single unexhausted claim necessitates dismissal of the entire petition.") (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The Court declines to exercise its discretion to stay this case pending state court review of the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005). Finally, as Petitioner's failure to exhaust serves (at least at this point) as a "plain procedural bar" to his Section 2254 petition, the Court will not issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. Conclusion

For the reasons discussed above, Petitioner's habeas petition [1] is denied without prejudice, and the Court declines to issue a certificate of appealability. The Clerk is instructed to enter judgment in favor of Respondent and against Petitioner. Case terminated.

E N T E R:

Dated: December 1, 2025

MARY M. ROWLAND
United States District Judge